IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SMARTER AGENT, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 11-915-LPS |
| MOBILEREALTY APP.COM, LLC, NMD INTERACTIVE, INC. d/b/a STREETEASY, GOOMZEE CORPORATION, MOST HOME REAL ESTATE SERVICES, INC. d/b/A KURIO, DIVERSE SOLUTIONS, INC., HILLSIDE SOFTWARE, INC., MARKET LEADER, INC., TRIBUNE INTERACTIVE, INC. d/b/a FORSALEBYOWNER.COM, TERROSTAR TECHNOLOGY SOLUTIONS, LLC. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION OF GOOMZEE, TERROSTAR AND
STREETEASY TO STAY THIS ACTION
PENDING REEXAMINATION OF THE PATENTS-IN-SUIT**

Defendants Goomzee Corp. ("Goomzee"), Terrostar Technology Solutions, LLC ("Terrostar"), and NMD Interactive, Inc. d/b/a Streeteasy ("Streeteasy") hereby move to stay this action pending reexamination of the patents-in-suit.

This case should never have been brought. Two of the Defendants, Goomzee and Terrostar, have no connection whatsoever to Delaware. Further, the entire case is defective because, under the recently passed "Leahy-Smith American Invents Act," multiple defendant patent cases like this one are prohibited. See 35 U.S.C. § 299.[1]

---

[1] The movants will address these other infirmities in the future, if necessary, if the asserted patents are allowed by the PTO. See *Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998) (Pre-answer stay motions not enumerated in

Additionally, there are two earlier cases pending in this Court on the same patents – *Smarter Agent, LLC v. Boopsie, Inc. et al.*, C.A. No.10-245-LPS ("the Boopsie Litigation"), and *Smarter Agent v. DoApp Inc. et al.* C.A. No. 10-161-LPS ("the DoApp Litigation") – both of which Smarter Agent agreed to stay pending reexamination of the patents-in-suit. Now, for some reason, Smarter Agent has changed its mind and opposes a stay in this case.

All three cases involve the same three asserted patents, all of which are being reexamined by United States Patent and Trademark Office ("PTO") – and all of which currently are deemed to be unpatentable by the reexamination examiners.[2]

After Smarter Agent agreed to stay the DoApp Litigation a few months ago, the justifications to stay the litigations only became stronger. On October 14, 2011, the examiners issued an Action Closing Prosecution in the reexamination of U.S. Patent No. 6,385,541. On November 18, 2011, the examiners issued an Action Closing Prosecution of U.S. Patent No. 6,496,776. In both office actions, the examiners considered – and rejected – Smarter Agent's arguments for patentability, and maintained the rejection of all claims, including dozens of new claims that Smarter Agent submitted. (Copy of Actions at Exhibits 1 and 2 to the Livneh Declaration).[3] These two patents are "hanging by a thread." There is no good reason to litigate them now.

---

Rule 12(b) Fed. R. Civ. P. "have been found to maximize the effective utilization of judicial resources," and toll the time to respond to the Complaint).

[2] The requests for *inter partes* reexamination, together with the PTO's orders granting the requests and rejecting all issued claims, were submitted in the DoApp Litigation. See D.I. 25.

[3] *Enhanced Security Research LLC v. Juniper Networks, Inc.*, 2010 U.S. Dist. LEXIS 136503 at *4 (D. Del. Dec. 27, 2010) ("[T]he balance of interests weighs even more strongly in favor of a stay here than it did at the time Judge Farnan undertook the analysis in the related action. The potential for simplification of the litigation is greater: the reexamination proceedings are now further along, as the PTO has issued a Final Office

For reasons known only to itself, Smarter Agent has declined to agree to a stay in this case and has forced the movants to submit what, in reality, is an unnecessary motion; but, unfortunately, is required because Smarter Agent will not agree to stay this case – as it ultimately agreed to do in the previous two.

Smarter Agent stipulated to a stay of the Boopsie Litigation pending the resolution of the reexaminations. In the stipulation, Smarter Agent represented to this Court that Smarter Agent "**agreed that a stay** of this action [*i.e.*, the Boopsie Litigation] under the circumstances **is in the best interest of all parties and promotes judicial economy**." (Boopsie Litigation D.I. No. 86)

Surprisingly, when Defendants in the DoApp Litigation initially sought a similar stipulation to stay, Smarter Agent told Defendants that it would only agree if Defendants paid Smarter Agent $100,000. Altogether, the Defendants in that litigation would have been obligated to pay $200,000 to stay a dispute that Smarter Agent already had agreed to stay in the earlier-filed Boopsie Litigation. (See DoApp Litigation D.I. No. 25).

The Defendants in the DoApp case rejected Smarter Agent's demand and had to file a motion to stay. After requiring the Defendants to incur the cost of filing the motion, Smarter Agent agreed to the stay. (See DoApp Litigation D.I. No. 16). The parties here are travelling down that same path again.

**A STAY PENDING COMPLETION OF REEXAMINATIONS SHOULD BE GRANTED**

"There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of reexamination, especially in cases that are still in the initial stages of

---

Action in the '236 patent reexamination rejecting all claims and an Action Closing Prosecution in the '975 reexamination also rejecting all claims.")

litigation and where there has been little or no discovery." *Like.com v. Superfish, Inc.*, 2010 U.S. Dist. LEXIS 70458 (N.D. Cal. June 30, 2010) (citing cases).

That generalized reasoning applies even more strongly here because *all* of the patents-in-suit are undergoing *inter partes* reexamination, are currently rejected, and may never be allowed. *Enhanced Security* at *4. Proceeding under these circumstances, with three patents (potentially involving 70 claims) against nine Defendants in this case alone, is very likely to be a waste of time. The patents may "never see the light of day."

Moreover, as this Court recently recognized in *Enhanced Security* at * 4, forcing Defendants to proceed while two parallel litigations are stayed would:

> "undermine judicial economy. Such a course of action would deprive the Court of the opportunity to consolidate the related actions for discovery, Markman proceedings, motions practice, and, possibly trial."

This Court has already recognized the waste and unnecessary expense caused by proceeding with one case while the asserted patents are being reexamined – and where a closely-related case is already stayed.

Moreover, Smarter Agent cannot in good faith deny its previous representation that a stay of litigation involving the patents "is in the best interest of all parties and promotes judicial economy," particularly because the status of the claims of the patents-in-suit is shaky, at best. (See Boopsie Litigation D.I. No. 86).

A detailed analysis of the "stay factors" is unnecessary here because Smarter Agent has already conceded in the two currently-stayed cases that they exist. In any event, those factors are as follows; whether:

> "(1)  a stay will simplify the issues and trial of the case;
>
> (2)  discovery is complete and a trial date has been set; and

  (3) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."

*Pegasus Dev. Corp. v. DirecTV Inc.*, 2003 U.S. Dist. LEXIS 8052 at *2 (D. Del. May 14, 2003) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, 2003 U.S. Dist. LEXIS 27397 (D. Del. Jan. 30, 2003)); see also *Like.com* at *5.

  Here, each of these factors weighs decidedly in favor of granting a stay.

### A. A Stay Will Simplify the Issues or Completely Dispense With the Case

  As explained above, in *Enhanced Security*, this Court held that permitting a case to proceed while a sister case involving the same patents was stayed pending reexamination, was imprudent.

  Apart from avoiding duplication of proceedings, a stay pending reexamination yields other well-established benefits:

> "[T]he court will . . . benefit from the re-examination process in that (1) many discovery issues related to prior art may be alleviated; (2) the record of re-examination likely would be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a re-examination; and (4) the outcome of the re-examination process may encourage settlement without further involvement of the court. Such a refinement of the issues will benefit both parties by reducing litigation costs. This approach will also best conserve the court's scarce resources."

*Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *2 (internal citations omitted).

  This factor favors staying this case.

### B. The Early Stage of Litigation Favors a Stay

  "[W]here the court has not yet conducted a Rule 16(b)(2) scheduling conference, no scheduling Order is in place, no discovery has taken place, and little time has yet been invested in the litigation . . . staying these proceedings will save time and judicial resources." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 U.S. Dist. LEXIS 73198 at *14 (D. Del. Sept.

30, 2007); *Alloc, Inc. v. Unilin Décor, N.V.*, 2003 U.S. Dist. LEXIS 11917, at *6 (D. Del. July 11, 2003) ("the stay will be entered before any party incurs substantial litigation-related expenses"); see also *Enhanced Security* at *6. Here, there has been no scheduling conference or discovery, and no other activity.

This factor, therefore, favors a stay.

### C. Smarter Agent Will Not Be Unduly Prejudiced or Tactically Disadvantaged by a Stay

In March of this year, Smarter Agent told the Court that a stay of the Boopsie Litigation was "in the best interest of all parties and promotes judicial economy." (Boopsie Litigation D.I. No. 86). A few months later, on July 18, 2011, Smarter Agent again said the exact same thing in the DoApp Litigation. (See DoApp Litigation D.I. No. 25).

These two unequivocal statements are sufficient to show that Smarter Agent will suffer no prejudice, nor will it be tactically disadvantaged by simply following through with what it has already said twice.

Even without Smarter Agent's admissions, this Court has already addressed the issue in *Enhanced Security*: "Plaintiff[] will incur no additional prejudice or disadvantage from a stay" where a sister litigation is already stayed. *Enhanced Security* at *6. Because Smarter Agent will suffer no prejudice from a stay, proceeding now – while all patent claims have been rejected – is a wasteful and, most likely, unnecessary undertaking.

The rationale Courts follow when staying patent cases applies ever more forcefully here because the two sister cases are already stayed. Smarter Agent has not advanced, and cannot advance, any serious argument why this case should proceed while the two earlier-filed cases are stayed.

## CONCLUSION

Defendants respectfully request that the Court grant their motion to stay litigation pending completion of all reexamination proceedings.

MORRIS NICHOLS ARSHT & TUNNELL LLP

/s/ Jack Blumenfeld

Jack Blumenfeld (#1014)
Rodger Smith (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants Goomzee Corporation,
Terrostar Technology Solutions, LLC, and NMD
Interactive, Inc. d/b/a Streeteasy*

OF COUNSEL:
David A. Loewenstein
Keren Livneh
PEARL COHEN ZEDEK LATZER LLP
1500 Broadway, 12th Floor
New York, NY 10036
(646) 878-0800

December 2, 2011
4631659.1

## RULE 7.1.1 CERTIFICATION

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that the parties were unable to reach agreement.

_____
Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 2, 2011, upon the following in the manner indicated:

| | |
|---|---|
| David J. Margules, Esquire<br>BOUCHARD MARGULES & FRIEDLANDER, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Douglas Bridges, Esquire<br>HENINGER GARRISON DAVIS<br>1 Glenlake Parkway, Suite 700<br>Atlanta, GA 30328<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Richard K. Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>*Attorneys for Tribune Interactive, Inc.* | *VIA ELECTRONIC MAIL* |
| Daniel M. Silver, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Center<br>405 North King Street, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Mobilerealtyapps.com, LLC* | *VIA ELECTRONIC MAIL* |
| Arthur G. Connolly, III, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Diverse Solutions, Inc. and Market Leader, Inc.* | *VIA ELECTRONIC MAIL* |

_____
Jack B. Blumenfeld (#1014)