# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMARTER AGENT, LLC, a Delaware limited liability company, | : |
| Plaintiff, | : |
| v. | :    Civil Action No. 11-915-LPS |
| MOBILEREALTYAPPS.COM, LLC, ET AL., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this 5th day of September, 2012:

IT IS HEREBY ORDERED that Defendants' motion to stay (D.I. 26) is GRANTED for the following reasons:

Background. Before the Court is the motion to stay this action pending reexamination of the patents-in-suit. The motion is filed by Defendants Goomzee Corp. ("Goomzee"), Terrorstar Technology Solutions, LLC ("Terrorstar"), and NMD Interactive, Inc. d/b/a Streeteasy ("Streeteasy") (collectively, "Defendants"). (D.I. 26) Plaintiff, Smarter Agent, LLC ("Smarter Agent"), opposes the motion. (D.I. 38)

This action was filed on October 6, 2011. (D.I. 1) As of that date, two related cases pending in this Court – involving the same Plaintiff and asserting the same patents – had already been stayed, by agreement of all parties to those cases, including Plaintiff. *See Smarter Agent, LLC v. Boopsie, Inc.*, C.A. No. 10-245-LPS D.I. 86 (Mar. 3, 2011); *Smarter Agent v. DoApp Inc.*, C.A. No. 10-161-LPS D.I. 26 (July 18, 2011). In both of the related cases, Plaintiff was a party to a stipulation urging the Court to enter a stay, which the parties agreed would be "in the best

interest of all parties and promote[] judicial economy." C.A. No. 10-245-LPS D.I. 86 at 1; C.A. No. 10-161-LPS D.I. 25 at 1.

The instant action, like the two stayed actions, involves allegations of infringement of three patents: U.S. Patent Nos. 6,385,541 (the "'541 patent"), 6,496,776 (the "'776 patent"), and 7,072,665 (the "'665 patent") (collectively, the "patents-in-suit"). Plaintiffs contend that Defendants "infringe the patents-in-suit by offering for use and for sale an application for mobile electronic devices that allows the users to search for and obtain real estate information." (D.I. 38 at 3)

On August 31, 2010, some of the defendants in the earlier-filed actions requested *inter partes* reexamination by the U.S. Patent and Trademark Office ("PTO") of the three patents-in-suit. (D.I. 38 at 4) These reexaminations are ongoing. As of the latest information provided by the parties, all claims of all three patents-in-suit stand rejected by the PTO as unpatentable. (D.I. 26 at 2, 4; D.I. 42 at 1-2 (stating that, for two patents, PTO has issued "Action Closing Prosecution" rejecting all claims as unpatentable, and third patent has also received rejection of all pending claims))

Legal Standards. Whether or not to stay litigation pending reexamination by the PTO of the patents-in-suit is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In exercising this discretion, the Court must weigh the competing interests of the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion are: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical

2

disadvantage to the non-moving party. *See St. Clair Intellectual Prop. v. Sony Corp.*, 2003 WL 25283239, at \*1 (D. Del. Jan. 30, 2003).

Discussion. The Court now turns to consideration of the relevant factors under the circumstances presented here.

Simplification of issues.

The potential here for simplification of issues through the reexaminations is substantial. All the claims involved in this lawsuit currently stand rejected in the reexaminations. If this remains the outcome, this litigation will be terminated. (D.I. 42 at 5) ("There will be no litigation unless [Smarter Agent] gets the invalidity decisions reversed.")

By contrast, if this case is not stayed, not only will the Court forfeit the potential simplification that could result from the reexaminations, but the Court will also be deprived of the opportunity to promote judicial economy, as it will not be possible for three related cases to proceed on the same schedule. The instant case would proceed by itself – through discovery, Markman, motions practice, and maybe trial – requiring the Court to address the same or similar issues a second or third time subsequent to completion of the reexaminations (depending on their outcome). *See Enhanced Sec. Research LLC v. Juniper Networks, Inc.*, 2010 WL 5420147, at \*2 (D. Del. Dec. 27, 2010) ("Permitting Plaintiffs to pursue their claims against Juniper, while their essentially identical action against the ten other defendants in the related action is stayed, would undermine judicial economy. Such a course of action would deprive the Court of the opportunity to consolidate the related actions for discovery, Markman proceedings, motions practice, and,

3

possibly, trial.").[1]

Status of proceedings.

The reexaminations have been pending for over two years and are significantly farther
along than the litigation. Although the complaint was filed nearly eleven months ago (October
2011), no schedule has been entered and no discovery has been exchanged. Indeed, essentially
nothing has happened in this case beyond the briefing of the instant motion to stay. (*See* D.I. 38
at 3) (Plaintiff conceding, "[t]his case is at an early stage")

While it is undoubtedly true that completion of the reexaminations is some years away –
accounting for remaining proceedings at the PTO, any appeal to the Board of Patent Appeals and
Interferences, and any subsequent appeal to the Federal Circuit – the fact remains that the
reexaminations are significantly more advanced than this litigation. Moreover, because the two
related cases are stayed, the totality of pending litigation (in this District) relating to the patents-
in-suit cannot be completed unless and until those earlier stays are lifted – something no one is
asking the Court to do.

Prejudice or tactical disadvantage to Plaintiff as non-moving party.

Plaintiff contends that a stay "will severely prejudice Smarter Agent." (D.I. 38 at 2) In
particular, Plaintiff argues that "its core business is directly threatened by Defendants' ongoing
infringement." (*Id.* at 7) "Defendants copied Smarter Agent's invention," "entered the market
several years after Smarter Agent developed the technology," and subsequently "have become

---

[1]Defendants state that, following passage of the America Invents Act, 35 U.S.C. § 299,
"multiple defendant patent cases like this one are prohibited." (D.I. 26 at 1 & n.1) Because
Defendants do not base their present motion on this contention, the Court does not address it.

4

Smarter Agent's chief competitors." (*Id.*) A stay would impose delay, leaving Plaintiff "unable to pursue injunctive relief for years," which "could devastate Smarter Agent's business." (*Id.*)

As support for its claims of prejudice, Smarter Agent submits a Declaration of Brad W. Blumberg, its CEO. (D.I. 38 Ex. C) In a largely conclusory fashion, the two-page Declaration states: since the reexaminations began, Smarter Agent's licensees have "contacted Smarter Agent" regarding how infringement "is causing harm to the licensees' companies;" irreparable harm has resulted from "the granting of contracts by potential clients to Defendants, price erosion in services offered by Smarter Agent, and the commoditization of the services offered by Smarter Agent;" Smarter Agent was "approached" by one particular set of real estate professionals, who informed Smarter Agent that their group was using a product from Defendant Goomzee; "many of the Defendants in this litigation offer products at a functionality or price point significantly lower than Smarter Agent's product;" and Defendants' "bundling" of their infringing products, "at no additional cost with Defendants' additional products," harmfully "creates an appearance in the marketplace of a lower price point for infringing products and erodes the price for infringing products in the marketplace." (*Id.* at 2)

Based on the record the parties have developed, the Court finds Plaintiff's claims of undue prejudice unpersuasive, particularly in light of Plaintiff's agreement to stay the two related actions. The Court is not persuaded by Plaintiff's generalized allegations of irreparable harm. (*See* D.I. 42 at 5) ("[T]here is no specificity at all, no licensee names, no indication of what the price had been before and what it was after the alleged 'price erosion,' and no names of any person who made any statements or to whom they made them.") Defendants attach to their reply brief evidence that the only deal Plaintiff identifies with specificity was actually announced by

5

Defendant Goomzee in October 2010 – that is, a year before the instant suit was filed. (D.I. 42 Ex. A) More importantly, much (if not all) of the uncertainty about Plaintiff's patent rights is likely attributable to the PTO's decisions in the reexaminations to reject the claims, and not to the litigation stays to which Plaintiff consented. Notably, it is unlikely the Court would be persuaded to grant a preliminary injunction at a time when all of the claims of the patents-in-suit stand rejected. *See Power Integrations, Inc. v. BCD Semiconductor*, 2008 WL 5069784, at *7-9 (D. Del. Nov. 19, 2008), *adopted by* 2008 WL 5101352 (D. Del. Dec. 3, 2008).

If, as Plaintiff now insists, "a stay would be *devastating* to Smarter Agent's patent rights and business" (D.I. 38 at 11) (emphasis added), it is difficult to understand how this very same Plaintiff could have voluntarily agreed to a stay of litigation not once but twice before – and had done so before it even got around to filing suit against Defendants in the instant action. Perhaps this course of action would be understandable if the new Defendants had taken some egregious action in the short period after the earlier actions had been stayed (in March and July 2011) and before the instant action was filed (in October 2011). Yet, notwithstanding Plaintiff's assertion that "specific instances of harm arose recently" (*id.* at 3), Plaintiff fails to identify – much less prove – any specific instance of harm occurring after the Court entered the requested stays in the related actions.

Plaintiff is generally correct that "[w]here, as here, the parties are direct competitors, courts are reluctant to stay proceedings." (*Id.* at 9) (citing cases) Here, however, Plaintiff agreed to stay litigation against numerous competitors. In these circumstances, based on the record, the

6

Court finds unconvincing Plaintiff's protestations of competitive harm resulting from a stay.[2]

Finally, Plaintiff contends that a stay "will disrupt key discoverable evidence from being obtained," as "memories are likely to fade with time, particularly if [witnesses] lose their affiliation, employment or relation to either of the parties." (*Id.* at 13) While the Court does not dismiss the risk of lost evidence, under the present circumstances – given the other factors the Court has described – this risk does not warrant denying a stay.

Conclusion.

When weighing the interests implicated by a stay motion, the Court is mindful of its "responsibility to secure the just and speedy and inexpensive determination of every action." *Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d. Cir 1967) (citing Fed. R. Civ. Proc. 1). The circumstances presented by this case – two related cases involving the patents-in-suit, in which Plaintiff has consented to a stay pending the reexamination proceedings; reexaminations in which all of the claims of the patents-in-suit currently stand rejected; and reexaminations that have been pending for more than two years, coupled with litigation that has not progressed materially beyond the filing of responsive pleadings – tip the interests against proceeding at this time with this litigation.

Accordingly, Defendants' motion to stay (D.I. 26) is GRANTED.

UNITED STATES DISTRICT JUDGE

---

[2]The Court recognizes that a patentee has no obligation to agree to stay litigation against a particular defendant or all defendants just because it has previously agreed to stay litigation against other defendants. But such a patentee should expect that the stay of one related action will be an important consideration if the Court must later decide whether to stay another related action.